**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| CHRISTOPHER NATHANIEL FLOYD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  1:16CV1333 |
| | ) |
| FRANK L. PERRY, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) On September 1, 2015, in the Superior Court of Alamance County, Petitioner pled guilty to felony eluding arrest with a motor vehicle, felony possession of a firearm by a felon, and habitual felon status in cases 10 CRS 53385, 10 CRS 53387, and 13 CRS 4768, respectively. (See id., ¶¶ 1, 2, 4-6; see also Docket Entry 8-2 (plea transcript); Docket Entry 8-3 (judgment and commitment forms).) In accordance with the plea agreement, the trial court consolidated those convictions and imposed one Class C habitual felon sentence in the mitigated range of 75 to 99 months' imprisonment. (See Docket Entry 1, ¶ 3; see also Docket Entry 8-2; Docket Entry 8-3; Docket Entry 8-4 (findings of aggravating and

mitigating factors).)[1]  Petitioner did not appeal.  (See Docket Entry 1, ¶ 8.)

Thereafter, Petitioner filed a pro se motion for appropriate relief ("MAR") in the Alamance County Superior Court (see Docket Entry 1, ¶ 11(a); Docket Entry 1-1 at 1-15), which he dated as signed on May 19, 2016 (see Docket Entry 1-1 at 16 (order denying MAR giving date of MAR)), and which that court summarily denied on June 20, 2016 (Docket Entry 1-1 at 16-18). Petitioner subsequently filed a pro se certiorari petition with the North Carolina Court of Appeals (see Docket Entry 1, ¶ 11(b); Docket Entry 8-6), which he dated as signed on August 7, 2016 (see Docket Entry 8-6 at 4), and which that court "dismissed due to failure to attach supporting documents" pursuant to Rule 21(c) of the North Carolina Rules of Appellate Procedure on August 29, 2016 (Docket Entry 1-1 at 19).

Petitioner then signed his instant Petition, under penalty of perjury, and dated it for mailing on October 29, 2016 (see Docket Entry 1 at 15), and the United States District Court for the Eastern District of North Carolina stamped and filed the Petition on November 9, 2016 (see id. at 1).[2]  On November 14, 2016 the

---

[1] Although the trial court accepted Petitioner's guilty plea on September 1, 2015 (see Docket Entry 8-2 at 5), the trial court did not sign the judgment and commitment form until September 8, 2015 (see Docket Entry 8-3 at 3). Throughout this document, pin citations refer to the page numbers that appear in the footer appended to documents upon their docketing in the CM/ECF system.

[2] Under Rule 3(d) of the Rules Governing Section 2254 Cases in United States District Courts, the Court deems the instant Petition filed on October 29, 2016, the date Petitioner signed the Petition (under penalty of perjury) as submitted to prison authorities.

2

Eastern District transferred the case to this Court, because Alamance County lies within this District. (See Docket Entries 3, 4; see also 28 U.S.C. § 113(b) (placing Alamance County within Middle District of North Carolina); 28 U.S.C. § 2241(d) (providing that federal habeas petition "may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him" and that "district court wherein such [a petition] is filed in the exercise of its discretion and in furtherance of justice may transfer the [petition] to the other district court for hearing and determination").)

Respondent moved for summary judgment on both the merits and untimeliness (Docket Entries 7, 8), and Petitioner responded in opposition (Docket Entries 10, 11). For the reasons that follow, the Court should grant Respondent's instant Motion, because Petitioner submitted his Petition outside of the one-year limitations period.

## Petitioner's Claims

The Petition raises two grounds for relief: (1) Petitioner's "indictment is fatally defective in violation of the United States Constitution" (Docket Entry 1 at 5); and (2) "[P]etitioner was denied his United States Constitutional [r]ight to effective assistance of counsel" (id. at 7).

3

**Discussion**

Respondent moves for summary judgment because Petitioner filed his Petition outside of the one-year limitations period, see 28 U.S.C. § 2244(d)(1). (See Docket Entry 8 at 9-17.) In order to assess Respondent's statute of limitations argument, the undersigned must first determine when Petitioner's one-year period to file his Petition commenced. The United States Court of Appeals for the Fourth Circuit has explained:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period begins to run from the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008). The Court must determine timeliness on claim-by-claim basis. See Pace v. DiGuglielmo, 544 U.S. 408, 416 n.6 (2005). Neither Petitioner nor

4

Respondent contend that subparagraphs (B), (C), or (D) apply in this situation. (See Docket Entries 1, 8, 11.) Thus, the undersigned must decide when, under subparagraph (A), the statute of limitations commenced.

Under subparagraph (A), Petitioner's conviction became final on September 8, 2015 - the day the trial court signed the judgment and commitment form in his criminal case (see Docket Entry 8-3 at 3). North Carolina limits the ability of individuals who plead guilty to appeal their convictions as a matter of right. See N.C. Gen. Stat. § 15A-1444. Here, the trial court sentenced Petitioner to a term of 75 to 99 months in prison (see Docket Entry 8-3 at 2), and the minimum sentence, 75 months, falls within the mitigated range of sentences for a Class C felony with Petitioner's prior record level of IV, see N.C. Gen. Stat. § 15A-1340.17(c), (e) (version effective Dec. 1, 2009 applicable to Petitioner's 2010 offenses). Therefore, Petitioner could not appeal his conviction as a matter of right. See N.C. Gen. Stat. § 15A-1444(a1). Petitioner's case thus became final, for purposes of calculating the limitation period, on September 8, 2015. See Gonzalez v. Thaler, 565 U.S. 134, 149-50 (2012) (holding that a petitioner's case becomes final when the time for pursuing direct review expires); see also Hairston v. Beck, 345 F. Supp. 2d 535, 537 (M.D.N.C. 2004) (finding that, because the petitioner did not have a right to appeal, the limitation period ran from the day of

5

judgment) (Osteen, Sr., J., adopting the recommendation of Dixon, M.J.).

Petitioner's one-year period then ran for 254 days from September 8, 2015, until May 19, 2016, the day on which Petitioner submitted his MAR to prison authorities (see Docket Entry 1-1 at 1-15). The limitation period remained tolled until the trial court summarily denied the MAR on June 20, 2016 (see Docket Entry 1-1 at 16-18), and then ran, unimpeded, for 112 more days until its expiration on October 10, 2016.[3] Petitioner did not file his instant Petition until October 29, 2016 (Docket Entry 1 at 15), 19 days out of time.

Under 28 U.S.C. § 2244(d)(2), the time between a MAR's denial and a "properly filed" certiorari petition in the North Carolina Court of Appeals seeking review of that denial remains tolled, absent "unreasonable delay," see Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000). However, in this case, the Court of Appeals dismissed Petitioner's certiorari petition for "failure to attach supporting documents" (i.e., the trial court's order denying the MAR) pursuant to Rule 21(c) of the North Carolina Rules of Appellate Procedure. See N.C. R. App. P. 21(c) (providing that

---

[3] The 365th day fell on Sunday, October 9, 2016, and thus the limitations period ran on the next business day – Monday, October 10, 2016. Even if Petitioner had possessed the statutory right to appeal, the North Carolina Rules of Appellate Procedure require notice of appeal within fourteen days of judgment. See N.C.R. App. P. 4(a)(2). Thus, Petitioner's ability to appeal would have ended on September 22, 2015, and the limitations period would have expired on October 24, 2016, five days before he filed the instant Petition.

6

"[t]he petition shall contain . . . certified copies of the judgment, order, or opinion or parts of the record which may be essential to an understanding of the matters set forth in the petition"). Accordingly, Respondent argues that Petitioner's certiorari petition did not qualify as "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2), and did not toll the limitations period. (See Docket Entry 8 at 13 (citing Artuz v. Bennett, 531 U.S. 4, 8 (2000)).)

In response, Petitioner merely argues that "his [P]etition was timely filed as mandated in view of the fact his certiorari [petition] was properly filed" (Docket Entry 11 at 1), and does not provide any facts or argument supporting his view that, despite his certiorari petition's dismissal under Rule 21(c) by the Court of Appeals, that petition remained "properly filed" (see id. at 1-3). Moreover, the record does not reflect that Petitioner filed a revised certiorari petition or otherwise corrected the defect in his original filing. Under such circumstances, Petitioner's certiorari petition did not meet the definition of "properly filed" under Section 2244(d)(2), and thus could not have tolled the time period between his MAR's denial and the filing of his certiorari petition. See Artuz, 531 U.S. at 8 (holding that post-conviction petition qualifies as "properly filed" where "its delivery and acceptance are in compliance with the applicable laws and rules governing filings" which "usually prescribe . . . the form of the

7

document, the time limits upon its delivery, and court and office in which it must be lodged, and the requisite filing fee"); Escalante v. Watson, 488 F. App'x 694, 697-701 (4th Cir. 2012) (affirming district court's dismissal of federal habeas petition as untimely where the petitioner's appeal of state habeas petition failed to include any assignments of error and thus did not rate as "properly filed"); Allen v. Dail, No. 5:13-HC-2068-FL, 2014 WL 1117928, at *3 (E.D.N.C. Mar. 20, 2014) (unpublished) (ruling petition untimely because certiorari petition not "properly filed" where dismissed under N.C. R. App. P. 21(c)); Gayton-Barbosa v. Sapper, No. 5:10-HC-2218-BO, 2012 WL 174299, at *2 (E.D.N.C. Jan. 20, 2012) (unpublished) (same).

A court can equitably toll the one-year limitations period. See Holland v. Florida, 560 U.S. 631, 634 (2010). Equitable tolling requires that Petitioner demonstrate that (1) he has diligently pursued his rights, and (2) extraordinary circumstances prevented a timely filing. Id. at 649. Equitable tolling involves a case-by-case analysis. Id. at 649-50. Here, however, Petitioner did not advance any basis by which the doctrine of equitable tolling might save the claims in the Petition, despite the notice on the form he used to submit the Petition that, "[i]f [his] judgment of conviction became final over one year ago, [he] must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar [his] [P]etition." (Docket Entry 1,

8

¶ 18 (reflecting Petitioner's statement: "N/A This [P]etition is timely filed."); see also Docket Entry 11 (offering no argument for equitable tolling).)

In sum, the statute of limitations bars the instant Petition.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 7) be granted, the Petition (Docket Entry 1) be denied, and that Judgment be entered dismissing this action, without issuance of a certificate of appealability.

      /s/ L. Patrick Auld
      **L. Patrick Auld**
  **United States Magistrate Judge**

May 24, 2017